1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

MAGDALENO QUIRALTE and RAQUEL
QUIRALTE, husband and wife,

          Plaintiffs,

    vs.

SUTTON FUNDING, LLC; HOMEQ
SERVICING; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS; EQUIFIRST
CORPORATION; NATIONAL DEFAULT
SERVICING CORPORATION; DOES I–V,
inclusive; and  ROE ENTITIES I–X, inclusive,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:09-cv-02128-RLH-RJJ

**O R D E R**

(Motion to Dismiss–#7; Motion to Strike
Punitive Damages–#9)

      Before the Court is Defendant HomeQ Servicing, Mortgage Electronic Registration Systems ("MERS"), and Sutton Funding's **Motion to Dismiss** (#7) and **Motion to Strike Punitive Damages** (#9), both filed April 19, 2010.  Plaintiffs Magdaleno Quiralte and Raquel Quiralte ("the Quiraltes") have not opposed either of these motions.

## BACKGROUND

      On June 15, 2007, the Quiraltes purchased the property located at 870 Hyattsville Street in Las Vegas, Nevada through an adjustable-rate mortgage provided by HomeQ Servicing. Sometime after entering into the mortgage agreement, the Quiraltes fell behind on their monthly

AO 72
(Rev. 8/82)

1    loan payments.  On February 17, 2009, a Notice of Default and Election to Sell was filed with the

2    Clark County Recorder's Office.  In June 2009, Defendant National Default Servicing Corporation

3    sold the property to Defendant Sutton Funding at a trustee's sale.

4                On September 3, 2009, the Quiraltes filed suit in Nevada state court against

5    Defendants alleging claims for (1) declaratory relief; (2) violation of Nevada's Unfair Lending

6    Practices statute; (3) consumer fraud and mortgage lending fraud; (4) fraud; (5) violation of the

7    federal Fair Debt Collections Practices Act; (6) breach of the implied covenant of good faith and

8    fair dealing; (7) breach of fiduciary duty; and (8) slander of title.  On November 5, HomeQ and

9    MERS removed the case to this Court on the basis of federal diversity jurisdiction.  Now before

10   the Court is HomeQ, MERS, and Sutton Financing's Motion to Dismiss and Motion to Strike

11   Punitive Damages.  For the reasons discussed below, the Court grants both of Defendants'

12   Motions.

13                                  **DISCUSSION**

14   **I.      Legal Standard**

15               A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

16   relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short

17   and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

18   While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to

19   raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

20   555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the

21   speculative level if it contains nothing more than "labels and conclusions" or a "formulaic

22   recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

23   (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Instead, in order to survive a motion to

24   dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is

25   plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

26   /

1    In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district

2  courts to apply when considering motions to dismiss.  First, the court must accept as true all

3  factual allegations in the complaint. *Id.* at 1950.  A court does not, however, assume the truth of

4  legal conclusions merely because the plaintiff casts them in the form of factual allegations.  *Id.* at

5  1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  Mere recitals

6  of the elements of a cause of action, supported only by conclusory statements, also do not suffice.

7  *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the

8  complaint allege a plausible claim for relief. *Id*. at 1950.  "A claim has facial plausibility when the

9  plaintiff pleads factual content that allows the court to draw a reasonable inference that the

10 defendant is liable for the alleged misconduct."  *Id.* at 1949.  Thus, where the complaint does not

11 permit the court to infer more than the mere possibility of misconduct, the complaint has

12 "alleged—but not shown—that the pleader is entitled to relief."  *Id*. (internal quotation marks

13  omitted). When the claims in a complaint have not crossed the line from conceivable to plausible,

14 plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

15 **II.      Motion to Dismiss and Motion to Strike Punitive Damages**

16    The Court first notes that Plaintiffs have not responded to Defendants' Motion to

17 Dismiss or Motion to Strike Punitive Damages.  Under Local Rule 7–2, if a party files a motion

18 with the court, the party against whom the motion is filed must file points and authorities in

19 opposition to the motion within fifteen days after service of the motion.  LR 7-2(b).  The failure of

20 a party to file points and authorities in opposition to any motion constitutes a consent to the

21 Court's granting of the motion.  LR 7-2(d).

22    Defendants filed and served their Motions on April 19, 2010; thus, the Quiraltes

23 were required to respond no later than May 5.  The Quiraltes, however, have failed to file any

24 response at all.  Therefore, pursuant to the Local Rules, the Court has the authority to dismiss

25 Plaintiff's case.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district

26 court's local rules is a proper ground for dismissal).

AO 72
(Rev. 8/82)

1       In addition to the Quiraltes' failure to comply with the Local Rules, the Court

2   grants Defendants' Motion to Dismiss and Motion to Strike on their merits.  The Court has

3   reviewed Defendants' Motions and concludes that they should be granted based on the arguments

4   set forth therein.  The Court therefore grants Defendants' Motion to Dismiss and Motion to Strike

5   and incorporates their arguments *in haec verba*.

6                                      **CONCLUSION**

7       Accordingly, and for good cause appearing,

8       IT IS HEREBY ORDERED that Defendants HomeQ Servicing, MERS, and Sutton

9   Funding's Motion to Dismiss (#7) and Motion to Strike Punitive Damages (#9) are GRANTED.

10  These Defendants are hereby dismissed from this case.

11      Dated: July 19, 2010.

12

13

14  _____

15  **ROGER L. HUNT**
    **Chief United States District Judge**

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)